# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSANTHONY WILSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., and DOES 1 through 5, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-02307-RBM-WVG<br><br>**ORDER GRANTING MOTION TO LIFT STAY AND CONFIRM ARBITRATION AWARD**<br><br>**[Doc. 28]** |

　　　Presently before the Court is Defendants' Wells Fargo & Co. and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") motion for an order: (1) lifting the stay entered in this matter on May 10, 2021; and (2) confirming, pursuant to 9 U.S.C. § 9, the final award issued by the American Arbitration Association ("AAA") in the arbitration between Plaintiff Mosanthony Wilson ("Plaintiff") and Wells Fargo ("Final Award"). (Doc. 28) (hereinafter "Motion" or "Mot."). The Court finds the Motion suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons discussed below, Wells Fargo's Motion is **GRANTED**.

/ / /

## I. BACKGROUND

Plaintiff is a Wells Fargo customer who enrolled in Wells Fargo's Debit Card Overdraft Service ("DCOS"), under which Wells Fargo may authorize and pay certain debit-card or ATM transactions that result in an overdraft fee. (*See* Doc. 1, Compl., ¶ 31; *see also* Mot. at 2.) Plaintiff incurred overdraft fees in connection with his use of DCOS. (Compl. ¶ 31; Mot. at 2.) Plaintiff subsequently filed this putative class action on November 25, 2020, alleging Wells Fargo violated: (1) Regulation E (12 C.F.R. §§ 1005 *et seq*.), which implements the Electronic Funds Transfer Act; and (2) California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*.), by assessing DOCS overdraft fees on his account allegedly in violation of Regulation E. (*See* Compl. ¶¶ 86–101.)

Wells Fargo moved to compel arbitration of Plaintiff's claims on March 3, 2021, relying on an arbitration agreement contained in Plaintiff's account agreement. (*See* Doc. 21.) On May 10, 2021, the Honorable Dana M. Sabraw granted Wells Fargo's motion to compel arbitration, staying this case and ordering the parties to submit to binding arbitration. (*See* Doc. 25.) This action was transferred to the undersigned on April 12, 2022. (Doc. 26.)

On July 28, 2022, the parties filed a joint report regarding the arbitration result, informing the Court the parties had arbitrated Plaintiff's claims, culminating with an arbitration hearing held on June 23, 2022 before Arbitrator Janice Sperow, who was appointed by AAA to preside over the arbitration. (Doc. 27 at 2.) On July 14, 2022, AAA issued the Final Award, which found in favor of Wells Fargo on all of Plaintiff's claims. (*Id*.; *see also* Doc. 28-3, Final Award, at 121–24.)

On August 5, 2022, Wells Fargo filed the instant Motion, with a noticed hearing date of September 12, 2022. (Mot. at 1.) Plaintiff did not file a timely opposition, and as of the date of this Order no opposition has been filed. (*See generally* Docket.) On September 2, 2022, Wells Fargo filed a reply in support of its Motion, asking the Court to "deem Plaintiff's failure to file any response as consent to Wells Fargo's Motion being granted." (Doc. 29 at 2) (citing CivLR 7.1(f)(3)(c) ("If an opposing party fails to file the papers in

the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court") and Civil Chambers Rules III(C) ("An opposing party's failure to file a memorandum of points and authorities in opposition to any motion will be construed as consent to the granting of the motion pursuant to Civil Local Rule 7.1(f)(3)(c).")).

## II.  DISCUSSION

### A. Motion to Lift Stay

The Court will first consider Wells Fargo's request to lift the stay entered in this matter on May 10, 2021.  (*See* Doc. 25.)  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "The corollary to this power is the ability to lift a stay previously imposed." *Boyle v. Cnty. of Kern*, No. 103-CV-05162-OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008).  The Court stayed this case "pending the completion of the arbitration proceedings," Doc. 25 at 8, and such arbitration proceedings have now ended. Accordingly, the Court **GRANTS** Wells Fargo's motion to lift the stay.

### B. Motion to Confirm Arbitration Award

The Court will next consider Wells Fargo's Motion to confirm the arbitration award. The Federal Arbitration Act ("FAA") provides that, when a party seeks an order confirming an arbitration award, "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA.  9 U.S.C. § 9 (emphasis added).  Section 10 of the FAA provides that the court may vacate an award upon application of any party to the arbitration only where: (1) "the award was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption" by the arbitrator(s); (3) the arbitrator(s) engaged in misconduct; or (4) the arbitrator(s) "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id*. § 10(a).  Section 11 allows the court to modify the award in limited circumstances, upon the request of any party to

the arbitration. *Id.* § 11.

Judicial review of an arbitration award is "both limited and highly deferential[,] and the arbitration award may be vacated only if it is completely irrational or constitutes manifest disregard of the law." *Comedy Club, Inc. v. Improv. W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)); *see also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (citations omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the FAA." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (quoting *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009)).

Here, there has been no motion to vacate, modify, or correct the Final Award. Based on the record submitted with the Motion, it is apparent the arbitrator attempted to thoughtfully apply the relevant law to the facts presented in this case. (*See* Doc. 28-3, Final Award.) There is nothing before the Court or in the Motion to suggest the Final Award is "completely irrational" or that the Final Award "constitutes [a] manifest disregard of the law." *See Comedy Club*, 553 F.3d at 1288; *see also Bosack*, 586 F.3d at 1104. "Therefore, the court need not reach the issue of whether the arbitrator's underlying decision was correct." *Newsome v. Axos Bank*, No. 20CV1424 JM(JLB), 2022 WL 1204105, at *2 (S.D. Cal. Apr. 22, 2022); *see also Laborers' Int'l Union of N. Am., Loc. 89, AFL-CIO v. MEK Enters.*, No. 317CV01614BENNLS, 2017 WL 6049380, at *1 (S.D. Cal. Dec. 5, 2017) ("In considering whether to confirm an arbitration award, federal courts should not review the merits of arbitration awards, but rather should merely determine whether the parties agreed to arbitrate the dispute and to give the arbitrator the power to provide for his award.") (citation and internal quotation marks omitted). The Court also notes Plaintiff failed to timely respond to the Motion and has not filed an opposition noting any objections to the Final Award. For these reasons, the Court must confirm the Final Award and grant Wells Fargo's Motion.

### III.   CONCLUSION

Accordingly, the Court hereby **GRANTS** Wells Fargo's motion to lift the stay and confirm the arbitration award. (Doc. 28.) As no matters remain in dispute, it is further **ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

DATE:  September 8, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE